UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARREN A. LUNFORD, | Case No. 3:13-cv-00282-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| RANDY FLORES, et al., | |
| Defendant. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed *in forma pauperis* (dkt. no. 1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court will defer ruling upon the application (dkt. no. 1). The Court has reviewed the complaint. Plaintiff will need to submit an amended complaint that corrects one defect and that omits another defect.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citations omitted).

At all relevant times, plaintiff was a prisoner at the High Desert State Prison. He alleges that on August 7, 2012, defendant Flores, a correctional officer, gave plaintiff the forms necessary for filing a grievance only with profane reluctance. Plaintiff submitted the grievance. He complained that he was not allowed to attend religious services for the month of Ramadan in the prison's chapel because of his security level. Later that day, defendant Flores filed a notice of charges of theft against plaintiff. Plaintiff was accused of taking a kosher or halal meal from the dining hall, and then, upon returning to his unit, accepting a second kosher or halal meal at dusk for Ramadan. Plaintiff alleges that he was found guilty in a disciplinary hearing. Plaintiff appealed the decision. Defendant Neven, the warden of the prison, upheld plaintiff's appeal and dismissed the charges.

In count 1, plaintiff claims that defendant Flores retaliated against plaintiff for filing the grievance by charging him falsely with theft. Given the closeness in time between the grievance and the charge, and given that plaintiff's appeal was upheld, plaintiff has raised plausible allegations of retaliation. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

///

In count 2, plaintiff claims that the same actions by defendant Flores violated the due process clause of the Fourteenth Amendment. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (*quoting Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). Plaintiff has not stated a claim that defendant Flores violated the due process clause because the First Amendment governs his claim. In the amended complaint, plaintiff will need to omit count 2.

Plaintiff has not stated any claim against defendant Neven. A supervisor cannot be held liable in his individual capacity merely because he is a supervisor. "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). The only allegation in the complaint concerning defendant Neven is that plaintiff appealed to him for review of the disciplinary hearing. The exhibits (dkt. no. 3) that plaintiff has submitted in support of the complaint show that defendant Neven agreed with plaintiff and dismissed the charges. Plaintiff has not alleged any facts indicating that defendant Neven participated in or knew about defendant Flores' actions. The Court will give plaintiff the opportunity to allege such facts in an amended petition.

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (dkt. no. 1) is deferred.

it is further ordered that the Clerk of the Court shall file the complaint.

It is further ordered that the Clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of count 2 and defendant Neven from this action.

It is further ordered that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:13-cv-00282-MMD-VPC, above the word "AMENDED."

DATED THIS 18th day of November 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE